EDWARD BURAU v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 9, 1897.

Nos. 10,349—(256).

### Accident at Crossing—Contributory Negligence.

Evidence considered, and *held*, that the trial court was justified in ordering judgment for the defendant notwithstanding the verdict, for the reason that it conclusively shows that the deceased, for whose killing by the defendant's railway train at a highway crossing this action was brought, was guilty of contributory negligence.

Appeal by plaintiff from a judgment of the district court for Clay county in favor of defendant, entered in pursuance of the order of Searle, J. Affirmed.

*F. D. Larrabee*, for appellant.

The court cannot say, as a matter of law, that the deceased was guilty of contributory negligence. Nettersheim v. Chicago, M. & St. P. R. Co., 58 Minn. 10, 59 N. W. 632; Struck v. Chicago, M. & St. P. R. Co., 58 Minn. 298, 59 N. W. 1022; Miller v. Truesdale, 56 Minn. 274, 57 N. W. 661; Boyer v. St. Paul C. R. Co., 54 Minn. 127, 55 N. W. 825; Tuthill v. Northern Pac. R. Co., 50 Minn. 113, 52 N. W. 384; Hendrickson v. Great Northern R. Co., 49 Minn. 245, 51 N. W. 1044; Beanstrom v. Northern Pac. R. Co., 46 Minn. 193, 48 N. W. 778; Loucks v. Chicago, M. & St. P. R. Co., 31 Minn. 526, 18 N. W. 651; Hutchinson v. St. Paul, M. & M. R. Co., 32 Minn. 398, 21 N. W. 212; Shaber v. St. Paul, M. & M. R. Co., 28 Minn. 103, 9 N. W. 575; Kelly v. St. Paul, M. & M. R. Co., 29 Minn. 1, 11 N. W. 67; Grand Trunk R. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679; Schum v. Pennsylvania R. Co., 107 Pa. St. 8; Kellogg v. New York Central & H. R. R. Co., 79 N. Y. 72; Pittsburgh, C., C. & St. L. R. Co. v. Burton, 139 Ind. 357, 37 N. E. 150.

*C. Wellington*, for respondent.

START, C. J. About midnight of December 22, 1895, the plaintiff's intestate, while driving, in an open buggy drawn by a pair of

horses, along a public highway which crosses the defendant's railway tracks near Carlisle in this state, was struck and killed by one of the defendant's passenger trains, and this action was brought to recover damages for his death. Verdict for the plaintiff for $5,000, but the trial court, on motion of the defendant, ordered judgment for it, notwithstanding the verdict, pursuant to Laws 1895, c. 320, upon the ground that it conclusively appeared from the undisputed evidence that the deceased was guilty of contributory negligence. Judgment was so entered, from which the plaintiff appealed.

The evidence would sustain a finding that the defendant was negligent in not giving any signal of the approach of the train to the highway crossing, and the only question here for review is whether the undisputed evidence so clearly establishes the contributory negligence of the deceased as to justify the trial court in so holding as a matter of law. The evidence in this case justifies no other conclusion than that the deceased might have avoided the collision by the exercise of ordinary care. He was familiar with this railway crossing, having driven over it a number of times. Westerly from, and commencing near, the crossing, was a cut 6 feet in depth in the deepest part thereof. The center of the headlight of the locomotive drawing the train in question was 10 feet $1\frac{5}{8}$ inches from the top of the rail, and the diameter of the headlight was $22\frac{1}{2}$ inches. The headlight and the lights from the car windows of the train could be seen, when passing through the cut, at any point along the highway, by a person seated in a buggy, for a distance of 132 feet southerly from the crossing, the direction whence the deceased was approaching the crossing, at the time of the accident. These facts are established by undisputed evidence which seems to be entirely trustworthy. The deceased knew the location, and that he was approaching a place of danger; and it is obvious that, if he had been careful and vigilant in looking out for the approaching train, he must have discovered it in time to have avoided it.

Judgment affirmed.